IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE BROWN, | ) | |
|     Plaintiff, | ) | Civil Action No. 1:16-cv-81 |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDENT OVERMYER, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants Overmyer, Sharah, Johnson[1], and Dittman [ECF No. 13] be granted. Additionally, Plaintiff filed a "motion to suppress the defendant's motion to dismiss plaintiff's complaint," [ECF No. 16] which this Court construes as an opposition brief to Defendant's motion to dismiss.

**II.    REPORT**

    **A.  Relevant Background and Procedural History**

On April 11, 2016, Plaintiff Jesse Brown, an inmate incarcerated at State Correctional Institution at Forest ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. §1983. Named as Defendants to the action are: Superintendent Overmyer;

---

[1] There is a discrepancy between the parties as to the spelling of the Nurse Defendant in this action. Plaintiff refers to this Defendant as "Nurse Jenna Johnson." Defendants' brief refers to this Defendant as "RN Jana Jordan." The parties have not raised any issues as to an improper identification of the Nurse Defendant, and as such, none will be raised here. However, for consistency and clarity, the Court will refer to this Defendant as "Defendant Johnson."

1

Correctional Officer Sharah; Nurse Jenna Johnson; and Kitchen Supervisor Dittman, all employees at SCI-Forest. ECF No. 3.

Plaintiff alleges Defendants violated his Eighth Amendment rights when Defendants served him contaminated food. In particular, Plaintiff claims he found a "worm or maggot" in his hamburger during his scheduled lunch on September 3, 2015. ECF No. 3-1, ¶ 9. Additionally, Plaintiff alleges he became ill from consuming the contaminated food but received substandard medical care from the nursing staff at SCI-Forest. Id. at ¶¶12-14.

On June 14, 2016, Defendants filed a motion to dismiss, arguing Plaintiff failed to state an Eighth Amendment claim for either the prison's dietary conditions or Plaintiff's subsequent medical care. ECF No. 13; ECF No. 14. Thereafter, Plaintiff filed a "motion to suppress the Defendant's motion to dismiss," which this Court construes as an opposition brief. ECF No. 16. This motion is ripe for consideration.

### B. Standards of Review

#### 1. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court

3

should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tacinda Corp. v. DaimlerChrysler AG, 197 F. Supp.2d 42, 53 (D.Del 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

### 2. Pro se litigants

*Pro se* pleadings, "however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner

4

without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Eighth Amendment non-medical claim

Defendants argue Plaintiff has failed to state an Eighth Amendment claim based upon the condition of the prison's food.

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1991). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 Fed.App'x 167, 171 (3d Cir.2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. quoting Tillery v. Owens, 907 F.2d 418, 426–27 (3d Cir.1990).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measure to

5

guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). However, "to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury [or deprivation], and that prison officials inflicted the injury with deliberate indifference." Farmer, 511 U.S. at 834. An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes, 452 U.S. at 347; see also Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 419 (3d Cir.2000).

The first prong of the Farmer test is an objective one: Plaintiff must demonstrate that he has been incarcerated under conditions posing a substantial risk of serious harm. 511 U.S. at 834. The second prong of the Farmer test is a subjective one, requiring plaintiff to demonstrate that defendants acted with deliberate indifference. To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Id. at 837. Thus, "deliberate indifference describes a state of mind more blameworthy than negligence," and requires "more than ordinary lack of due care for prisoner's interests or safety." Id. at 835.

Here, Plaintiff's allegations regarding the contamination of his hamburger on September 3, 2015, even if taken as true, are not sufficient to state an Eighth Amendment violation. Specifically, Plaintiff's only complaint is that the prison served him contaminated food for one meal on one particular day. A single instance of an irregularity in the prison food does not give

rise to a sufficient level of serious deprivation of the minimal civilized measure of life's necessities. Rhodes, 452 U.S. at 347. Accordingly, the motion to dismiss should be granted with regard to Plaintiff's Eighth Amendment non-medical claim.

### D. Eighth Amendment medical claim

Defendants argue Plaintiff has failed to allege sufficient facts to suggest that Defendants exhibited deliberate indifference towards Plaintiff's medical needs in violation of his Eighth Amendment rights.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). In order to establish a violation of the constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106.

"Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir.1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, Plaintiff acknowledges Defendant Nurse Johnson came to his cell after the lunch incident. ECF No. 3-1, ¶ 12. Additionally, even though Plaintiff disagrees with the treatment, Plaintiff admits that Defendant Johnson gave him two (2) tums as medication for his stomach. Id. Merely second-guessing or disagreeing with a medical judgment does not rise to the level of a constitutional claim. Therefore, Defendants' motion to dismiss as to this claim should be granted.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants Overmyer, Sharah, Johnson, and Dittman [ECF No. 13] be granted. Plaintiff filed a "motion to suppress the defendant's motion to dismiss plaintiff's complaint," [ECF No. 16] which this Court construes as an opposition brief to Defendant's motion to dismiss and which should be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed

below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 13, 2017

cc: The Honorable Barbara Rothstein
United States District Judge